[Cite as *State v. Miler*, 2011-Ohio-1304.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
PAULDING COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                CASE NO. 11-10-10

    v.

PORT E. MILER,                      O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Paulding County Common Pleas Court
Trial Court No. CR-10-528

Judgment Affirmed

Date of Decision:   March 21, 2011

APPEARANCES:

    *John S. Shaffer*  for Appellant

    *Joseph R Burkard*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Port E. Miler ("Miler") appeals from the judgment of the Court of Common Pleas of Paulding County finding him guilty of aggravated murder and sentencing him to life imprisonment without parole. For the reasons set forth below, the judgment is affirmed.

{¶2} On May 9, 2010, Miler and his victim were in the victim's apartment engaging in heroin use. The victim had a large amount of cash from a prior sale of heroin to a third party. Miler then proceeded to rob the victim by slitting his throat with multiple knives and taking the cash. Miler then returned to his home and went into the bathroom. His ex-wife, who resided with him, entered the bathroom and saw the blood and the knives. She asked Miler what happened and he told her that he had killed his victim.

{¶3} On June 10, 2010, the Paulding County Grand Jury indicted Miler on one count of aggravated murder, in violation of R.C. 2903.01(B). Miler entered a plea of not guilty. On July 14, 2010, Miler changed his plea to guilty. The sentencing hearing was held on September 2, 2010. The trial court sentenced Miler to life imprisonment without the possibility of parole. Miler appeals from this judgment and raises the following assignment of error.

> **The trial court abused its discretion in sentencing [Miler] to the maximum sentence provided by law.**

{¶4} In his sole assignment of error, Miler argues 1) that the trial court should not have imposed the maximum sentence and 2) that imposition of the maximum sentence is cruel and unusual punishment. Trial courts have discretion to impose a prison sentence within the statutory range for the offense from which the conviction stems. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶21, 888 N.E.2d 1073 (quoting *McDougle v. Maxwell* (1964), 1 Ohio St.2d 68, 70, 203 N.E.2d 334). An assignment of error challenging imposition of a maximum sentence pursuant to R.C. 2929.14 will only be sustained if appellant shows that the judgment was clearly and convincingly contrary to law. *State v. Hubbard*, 2d Dist. No. 23363, 2010-Ohio-3910, ¶26. However, a review of the application of the factors in R.C. 2929.12(B) is conducted under an abuse of discretion review.[1]

> **As stated by Justice Kennedy in his opinion concurring in part, "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime."**

---

[1] In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E. 2d 124, Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases. However, there was no majority opinion requiring a two part review.

*State v. Weitbrecht* (1999), 86 Ohio St.3d 368, 371-72, 715 N.E.2d 167 (quoting the concurring opinion in *Harmelin v. Michigan* (1991), 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836). "Cases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person." *McDougle*, supra at 70.

{¶5} In this case, Miler entered a guilty plea to one count of aggravated murder. The trial court had the options of sentencing Miler to 1) life imprisonment with parole eligibility after twenty years of imprisonment; 2) life imprisonment with parole eligibility after twenty-five years of imprisonment; 3) life imprisonment with parole eligibility after thirty years of imprisonment; or 4) life imprisonment without parole. Miler was aware that these were the only sentencing options available when he entered his guilty plea. A review of the record indicates that Miler had a long record of criminal offenses involving assaults and various drug offenses. Miler was even on community control at the time of the instant offense. In killing his victim, Miler attempted to cut his victim's throat in order to steal his money. When the first knife was unable to complete the task, Miler went to the kitchen and retrieved a second, sharper knife, went back to the bedroom and finished killing his victim. The trial court specifically found that this was the most brutal case it had ever seen. Sept. 2,

2010, Tr. 9. A review of the evidence before the trial court does not indicate that the trial court abused its discretion in its application of the factors set forth in R.C. 2929.12(B). In addition, the sentence imposed was within the statutory limits set forth and does not shock the sense of justice. Thus, it is neither clearly and convincingly contrary to law[2] nor a cruel and unusual punishment and does not violate R.C. 2929.14. The assignment of error is overruled.

{¶6} The judgment of the Court of Common Pleas of Paulding County is affirmed.

*Judgment Affirmed*

**ROGERS, P.J. and PRESTON, J., concur.**

**/jlr**

---

[2] Although Miler argues that the sentence is an abuse of discretion, the correct standard of review is clearly and convincingly contrary to law.