[Cite as *State v. Neidemire*, 2011-Ohio-1869.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### AUGLAIZE COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,           CASE NO.  2-10-36

    v.

KELLI S. NEIDEMIRE,           O P I N I O N

    DEFENDANT-APPELLANT.

**Appeal from Auglaize County Common Pleas Court**
**Trial Court No. 2010-CR-100**

**Judgment Affirmed**

**Date of Decision:   April 18, 2011**

APPEARANCES:

    *Andrew B. King*  for Appellant

    *Edwin A. Pierce*  for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Kelli S. Neidemire ("Niedemire") brings this appeal from the judgment of the Court of Common Pleas of Auglaize County sentencing her to five years in prison. For the reasons set forth below, the judgment is affirmed.

{¶2} Neidemire was employed as the office manager for Thuman Trucking, Inc. from 1998 until June 21, 2010. During the course of her employment, Neidemire took company funds for her personal use. Neidemire admitted to the theft and agreed to pay restitution in the amount of $450,000.00. On August 18, 2010, the State filed a bill of information alleging that Neidemire committed a theft in violation of R.C. 2913.02(A)(3). On August 19, 2010, Neidemire entered a guilty plea pursuant to a negotiated plea agreement. A sentencing hearing was held on October 20, 2010. The trial court sentenced Neidemire to the maximum sentence of five years in prison. Neidemire appeals from this sentence and raises the following assignment of error.

> **The trial court erred in imposing a non-minimum sentence of imprisonment and by not imposing community control with the requirement of treatment.**

{¶3} In the sole assignment of error, Neidemire claims that the trial court erred in imposing the maximum sentence and by not imposing community control. Trial courts have discretion to impose a prison sentence within the statutory range

for the offense from which the conviction stems. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. Neidemire claims that the trial court abused this discretion by misapplying the factors set forth in R.C. 2929.12(B). An assignment of error challenging imposition of a prison sentence rather than community control pursuant to R.C. 2929.14 will only be sustained if appellant shows that the judgment was clearly and convincingly contrary to law. *State v. Hubbard*, 2d Dist. No. 23363, 2010-Ohio-3910, ¶26. However, a review of the application of the factors in R.C. 2929.12(B) is conducted under an abuse of discretion review.[1] *State v. Miler*, 3d Dist. No. 11-10-10, 2011-Ohio-1304.

{¶4} Neidemire argues that the trial court abused its discretion because she confessed to the crime, showed remorse, agreed to make restitution, and had a minimal criminal record. Thus, she claims that the factors in mitigation of the offense outweighed the factors making it more serious and she should have received community control rather than the maximum prison sentence. However, a review of the record indicates that the trial court did consider these factors. The trial court also considered the facts that Neidemire had abused a position of trust in committing her crime, that the crime had continued over several years, that

---

[1] In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, Justices O'Connor, Moyer, O'Donnell, and Judge Willamowski, sitting by assignment, concurred in this position, although the first three would use both standards of review in all cases. However, there was no majority opinion requiring a two part review.

Neidemire admitted that she would have continued her theft if she hadn't been caught, that Neidemire had expressed no remorse until she was actually caught, and that as of the date of the sentencing hearing, Neidemire had not made any restitution to the victim. Given this evidence, the trial court did not abuse its discretion in applying the factors set forth in R.C. 2929.12(B). The five year imprisonment sentence given to Neidemire was within the statutory range for the third degree felony of which Neidemire was convicted. Therefore, the sentence entered pursuant to R.C. 2929.14 is not clearly and convincingly contrary to law. The assignment of error is overruled.

{¶5} The judgment of the Court of Common Pleas of Auglaize County is affirmed.

*Judgment Affirmed*

**SHAW, J. and PRESTON, J., concur in Judgment Only.**

**/jlr**